UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Curtis Zaun, on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

Tuttle, Inc., doing business as
Elsie's Bowling Center
also known as
Elsie's Restaurant & Bar,

        Defendant.

Civil No. 10-2191 (DWF/JJK)

**MEMORANDUM
OPINION AND ORDER**

_____

Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Trista M. Roy, Esq., Consumer Justice Center PA, counsel for Plaintiff.

Thomas A. Gilligan, Jr., Esq., Andrew T. Shern, Esq., and Christopher G. Angell, Esq., Murnane Brandt, PA, and Daniel J. Young, Esq., Lommen, Abdo, Cole, King & Stageberg, PA, counsel for Defendant.

_____

**INTRODUCTION**

      This matter is before the Court on Defendant's Amended Motion for Judgment on the Pleadings (Doc. No. 37). As the Court ruled off the bench at oral argument on this

matter, Defendant's motion is denied.[1]  This Order serves to clarify the Court's reasoning behind its decision.

## BACKGROUND

In January 2009, Plaintiff made a purchase at Elsie's Restaurant & Bar in Minneapolis, Minnesota.  (Second Am. Compl. ¶ 22.)  He paid with a credit card.  (*Id.*)  Plaintiff contends that the receipt he was given—labeled "Customer Copy"—included the unredacted expiration date of his credit card.  (*Id.*)  Plaintiff claims that the restaurant's provision of a credit-card receipt containing his card's expiration date constitutes a willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"), which amended the FCRA.[2]  He seeks to represent a class of similarly-situated individuals.  (Second Am. Compl. ¶¶ 26-33.)

## DISCUSSION

### I.    Legal Standard

A party may move for judgment on the pleadings at any point after the close of pleadings but early enough to avoid a delay of trial.  Fed. R. Civ P. 12(c).  A court

---

[1]     Because the Court denied Defendant's Amended Motion for Judgment on the Pleadings, the Court also denies Defendant's Motion for Protective Order (Doc. No. 57) as moot.

[2]     FACTA amended the FCRA to require that merchants redact customers' credit card numbers and expiration dates on receipts provided to consumers.  15 U.S.C. § 1681c(g).

evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Rule 12(b)(6).  *See Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id*. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise

3

a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Motion to Dismiss

There is no dispute that the FCRA prohibits a merchant from including credit card expiration dates on customer receipts: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).  Because there was confusion as to whether this section prohibited merchants from printing the expiration date on receipts, Congress clarified the requirements in the "Credit and Debit Card Receipt Clarification Act of 2007," Pub. L. No. 110-241, 122 Stat. 1565 (2008) (amending 15 U.S.C. §§ 1601, 1681n). This act provided a safe harbor against accusations of willfulness for merchants who continued to print expiration dates on customer receipts. *Id.* § 3(a) (amending 15 U.S.C. §1681n). The safe harbor expired in June 2008, at least six months before the transaction at issue in this case.

Defendant argues that Zaun has failed to state a claim for a willful violation of FACTA's redaction requirements. The importance of a claim for willful noncompliance is that the consumer need not prove actual damages. *See* 15 U.S.C. § 1681n (imposing civil liability of *either* actual damages *or* statutory damages of $100 to $1,000 for willful violations of the FCRA). The Supreme Court has made it clear that "willfulness" under the FCRA requires a knowing or a reckless violation of the statute's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

Zaun responds that the publicity surrounding the enactment of FACTA and the Clarification Act in 2008 makes Defendant's failure to comply with FACTA willful. Moreover, Zaun contends that the National Restaurant Association, a trade association to which Defendant belongs, communicated FACTA changes to its members, but Defendant ignored these warnings. Zaun further asserts that instead of complying with its statutory duty, Defendant delegated all responsibility for compliance to a third party, North County Business Products ("NCBP"). Zaun contends that NCBP warned Defendant that upgrades were necessary in order for Defendant to comply with the laws governing credit card processing and truncation, but Defendant ignored these warnings. Zaun also asserts that Defendant cancelled its service contract with NCBP and therefore "recklessly disregarded its obligations and duties required by the FACTA." (Second Am. Compl. ¶ 21.)

The Court finds that Zaun has sufficiently alleged willfulness. Zaun has alleged that Defendant was aware of the FCRA and FACTA requirements, that Defendant had the ability to change its credit card terminals to redact the expiration dates and ensure compliance with the law, that NCBP warned Defendant that it would need to upgrade its terminals to comply with the law, and that Defendant disregarded those warnings and cancelled its service contract with NCBP. Then, despite these warnings, Zaun alleges that the credit card receipts were printed with unredacted expiration dates. Zaun's Second Amended Complaint plausibly alleges a willful violation of FACTA and as such, Defendant's Motion for Judgment on the Pleadings is denied.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendant's Amended Motion for Judgment on the Pleadings (Doc. No. [37]) is **DENIED**.

2. Defendant's Motion for Protective Order (Doc. No. [57]) is **DENIED AS MOOT.**

Dated:  May 4, 2011                               s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge